DOUGLAS R. SCHWARTZ (State Bar No. 98666)
PETRA M. REINECKE (State Bar No. 154482)
SCHWARTZ & CERA LLP
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 956-2600
Facsimile: (415) 438-2655

Attorneys for Defendant
GIUSEPPE PENZATO

GAIL SHIFMAN (State Bar No. 147334)
44 Montgomery Street, Suite 3850
San Francisco, California 94104
Telephone: (415) 551-1500
Facsimile: (415) 551-1502

Attorney for Defendant
KESIA PENZATO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GIUSEPPE PENZATO and<br>KESIA PENZATO,<br><br>Defendants. | Case No.: CR11-70696-EDL<br><br>**DEFENDANTS' MOTION TO SET TERMS AND CONDITIONS OF PRETRIAL RELEASE**<br><br>Date: June 28, 2011<br>Time: 9:30 a.m.<br>Ctrm: F, 15th Floor |

## INTRODUCTION

Defendants GIUSEPPE PENZATO and KESIA PENZATO request that the Court set terms and conditions for their pretrial release. Both the Penzatos' civil counsel, who has

represented the Penzatos for almost a year in the pending civil matter, and undersigned criminal counsel, believe that this case is nothing more than a civil wage and hour case brought by a scheming young woman to facilitate her goal of living permanently in the United States. The government has chosen to turn her civil claims into a federal criminal complaint. Given the Penzatos' intent to contest the charges, and their knowledge and denial of the allegations against them since 2010, their appearance in this case is a certainty. The Penzatos respectfully submit that, given their background and circumstances, their pretrial release should be conditioned upon the posting of a surety bond in the amount of $250,000, secured by the Penzatos and five individuals: family members and Mr. Penzato's employers.

## BACKGROUND INFORMATION

The Penzatos have been married for eight years and live in San Francisco with their two young children, a son aged eight and a daughter who is six years old. The Penzatos own their residence on Chestnut Street, which they purchased in October 2008. The Penzatos are not wealthy, but Mr. Penzato has worked hard for over thirty years, and they have significant equity in their San Francisco residence.

Due to the sudden, unexpected and unnecessary arrest of both Mr. and Mrs. Penzato early last Friday morning, their two young children were taken into Protective Services custody, a traumatic experience for all of the family members. The defense assumes that the timing of the arrest may have been precipitated by the fact that Mrs. Penzato and the children were scheduled to leave on a vacation to see her family in Brazil that same day. Mrs. Penzato and the children had return tickets, and had taken trips abroad in previous summers. The children are enrolled in school in the fall. The planned vacation had been disclosed to the alleged victim's counsel in the civil case, in order to obtain approval for Mrs. Penzato's absence at a settlement conference which had been scheduled for the morning of Monday, June 27 before Magistrate Judge Ryu. Thus the need to effect such an arrest is baffling to counsel.

**DEFENDANTS' MOTION TO SET RELEASE CONDITIONS**

Mr. Penzato is 54 years of age, and on the staff of the Italian Consulate in San Francisco. He has been employed by the Italian government for over 30 years. Mr. Penzato is in the United States on an A-2 diplomatic visa. This is his second posting to the United States, having worked in the Italian Consulate in New York from 1987 to1993. Mr. Penzato's current five-year posting began in January 2008, and will not conclude until, at the earliest, December 31, 2013, as evidenced by the letter from the Consul General, attached hereto as Exhibit A. Also included in Exhibit A is a copy of Mr. Penzato's United States Department of State-issued identification card, which bears an expiration date in 2013. For that reason, the government's representation that Mr. Penzato should be detained because his job posting to San Francisco was about to end is clearly erroneous. Mrs. Penzato, who is 33 years of age, is in the process of obtaining Italian citizenship and, like her husband, is in the United States on an A-2 diplomatic visa. The Consul General, Fabrizio Marcelli, will be present in Court to show support and vouch for the Penzatos, and to answer any questions the Court may have.

Most of Mr. Penzato's family – his mother, both sisters and one brother, are United States citizens. The sisters reside in Las Vegas, as does his mother. His other brother is a permanent resident of the United States and resides in New York, where he also works for the Italian Consulate. In simple fact, Mr. Penzato has no immediate family anywhere other than in the United States. Members of Mr. Penzato's family will be present in Court to show their support for the Penzatos, to indicate their willingness to sign as sureties on their behalf, and to answer any questions the Court may have.

Mr. and Mrs. Penzato have absolutely no prior record of arrests or convictions.

## THE CHARGES IN THIS CASE DO NOT GIVE RISE TO A PRESUMPTION AGAINST RELEASE

Under 18 U.S.C. 3142(e)(3), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required

and the safety of the community if the judicial officer finds that there is probable cause to believe that certain qualifying offenses were committed. The William Wilberforce Trafficking Victims Protection Reauthorization Act of 2008 added violations of 18 U.S.C. section 1589 (forced labor) to the list of offenses for which preventative detention may be presumptive. However, a closer look at the statutory provisions shows that the offense with which the Penzatos are charged do not fall under the presumption.

Under 18 U.S.C. section 3142(e), (f)(1), (f)(2), the presumption applies only if the accused poses a serious risk of flight or threat to obstruction of justice, or if the offense is one that may trigger a preventative detention hearing. The Wilberforce Act specifically designates section 1591 offenses (sex trafficking) as qualifying violations. However, charges under other offenses covered by the Act, including forced labor, must qualify under the general preventative detention provisions – that is, they must be either an offense punishable by death or life imprisonment or be a crime of violence. 18 U.S.C. section 3142(f)(1). Forced labor is punishable by a maximum of twenty years in prison, unless a death results from the violation, or if the violation involves kidnapping, and attempt to kidnap, aggravated sexual abuse, or an attempt to kill (in which case the maximum punishment is life imprisonment). The charges against the Penzatos in this case do not involve any of the aggravating factors listed above, and thus the maximum punishment is twenty years, not life. As such, the offense does not fall under the presumption against release pretrial.

Even if the presumption does apply, there are conditions of release which would adequately ensure the safety of the community and the Penzatos' appearance at trial.

## CONDITIONS OF RELEASE WILL ADEQUATELY ENSURE THE SAFETY OF THE COMMUNITY AND APPEARANCE AT TRIAL

A. THE PENZATOS ARE NOT A DANGER TO THE COMMUNITY

The Penzatos have been charged in this case with forced labor, and Mr. Penzato was also charged with unlawful conduct with respect to documents in furtherance of forced labor.

---

4
**DEFENDANTS' MOTION TO SET RELEASE CONDITIONS**

The allegations are that Mr. Penzato and his wife brought a woman from Brazil (in fact a life-long friend of Mrs. Penzato's family) to work for them, and then forced her to work long hours in their home without adequate pay and food during a three-month period from August to November 2009. There are also some allegations of physical abuse by Mrs. Penzato and an allegation that Mr. Penzato ran his hands over the alleged victim's body without her consent. Both Penzatos vehemently deny the allegations, which are known to them through a civil lawsuit filed by the alleged victim in November 2010. The civil lawsuit is pending before Magistrate Judge James. It is clear that the allegations were motivated by the alleged victim's desire to remain in the United States despite her illegal status and ability to return home. The charges of imprisonment and forced labor are contradicted by a wealth of evidence, including her attendance at classes four times a week at City College, the alleged victim's sizeable cellular telephone bills (paid by the Penzatos), which indicate her ability to freely communicate, and her ability to maintain and entertain several boyfriends during the three months during which she claims to have been essentially imprisoned by the Penzatos. Mia Blackler and Matteo Daste of the Buchalter Nemer firm, who represent the Penzatos in the pending civil case, will be present in Court to amplify certain facts contrary to the allegations in this case that have become known through investigation and discovery in the civil matter, and to answer any questions the Court may have on this point.

There has been no contact between the Penzatos and the alleged victim since 2009, and the Penzatos do not know where she lives. There are no allegations that the Penzatos have made any attempts to contact her since 2009. There are no allegations that the Penzatos ever attempted, either before or since the alleged conduct contained in the complaint, to bring anyone else into the United States to work for them. Mr. and Mrs. Penzato retained and have been represented by counsel in the civil case, which is pending. All communications have occurred through counsel. The Penzatos have retained criminal counsel and fully intend to contest the charges. As noted above, the Penzatos have absolutely no criminal record. As a consequence, their release clearly does not pose any risk to the community.

**DEFENDANTS' MOTION TO SET RELEASE CONDITIONS**

B.      THE PENZATOS ARE NOT A FLIGHT RISK

Further, the Penzatos are not likely to flee the jurisdiction if released pending trial. As noted above, Mr. Penzato is a member of the Italian consular staff, and under contract to work in San Francisco through at least 2013. He has been employed continuously by the Italian government for over thirty years; if he were to leave his post before its expiration in 2013, he would lose that long-term employment and the attendant benefits. Fabrizio Marcelli, Consul General of Italy in San Francisco, will appear at the hearing to assure the Court that Mr. Penzato will remain employed in his current position with the Consulate throughout these proceedings. In addition, Mr. Penzato's immediate family members all reside in the United States permanently and are willing to sign as sureties.

The Penzatos have been aware of the allegations made against them since before the civil case was filed against them last year. There is absolutely NO indication that the Penzatos represent a flight risk; to the contrary, they fully intend to face and contest the charges against them.

## BAIL PROFFER

The Penzatos urges the Court to set terms and conditions of his release pursuant to 18 U.S.C. section 3142(b), as follows:

- A surety bond in the amount of $250,000, signed by the Penzatos, and the following individuals:
    - Consul General Fabrizio Marcelli. Mr. Marcelli is the highest representative of the Italian government in San Francisco
    - Onofio Francisco Penzato (Mr. Penzato's brother). As noted above, Mr. Penzato is employed by the Italian Consulate in New York.
    - Zina Aspacio (Mr. Penzato's sister)
    - Tammy Penzato (Mr. Penzato's sister)

**DEFENDANTS' MOTION TO SET RELEASE CONDITIONS**

- Giorgio Imparato (Aide of Consular Affairs at the Italian Consulate in San Francisco)
- Surrender of the Penzatos' passports and any other travel documents

Given the evidence proffered regarding the Penzato's commitment to remain in this jurisdiction to litigate the charges against them, it is respectfully submitted that such conditions are sufficient to reasonably assure their appearance as required in this matter.

## CONCLUSION

Given all of the aforementioned reasons, the Penzatos requests that the Court permit their release pending trial on a bond secured by their signatures and the signatures of the other five individuals listed. In the event that the Court determines that additional conditions of release are required pursuant to 18 U.S.C. section 3142(c), the Penzatos request conditional release and additional time to make necessary arrangements.

Dated: June 27, 2011                SCHWARTZ & CERA LLP


                                    /s/
                                    Douglas R. Schwartz
                                    Petra M. Reinecke
                                    Attorneys for Defendant
                                    GIUSEPPE PENZATO

Dated: June 27, 2011


                                    /s/
                                    Gail Shifman
                                    Attorney for Defendant
                                    KESIA PENZATO

# *EXHIBIT A*



# CONSOLATO GENERALE D'ITALIA

2590 WEBSTER STREET
SAN FRANCISCO, CALIFORNIA 94115
TEL: (415) 931-4925
FAX: (415) 931-7205

PROT. 3844

San Francisco, June, 24th 2011

This is to certify that Mr Giuseppe Penzato is an Administrative Clerk at the Italian General Consulate in San Francisco and that, contrary to the statements made today in federal court by the federal government, the current term of duty of Mr Giuseppe Penzato at the Italian General Consulate in San Francisco is scheduled to end no sooner than December 31st, 2013.

Fabrizio Marcelli
Consul General, Republic of Italy

**CONSULAR IDENTIFICATION CARD**
**United States**
**Department of State**

| | |
|---|---|
| Number: | 2094-8014-53 |
| Expires: | 2/28/2013 |
| DOB: | 9/25/1956 |
| Name: | PENZATO, GIUSEPPE |
| Title: | ADMINISTRATIVE ASSISTANT |
| Mission: | ITALY - CONSULATE |
| Location: | SAN FRANCISCO, CA |

SEE REVERSE SIDE FOR STATEMENT OF IMMUNITY